**Xuefang WU, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

**No. 04–3685–AG.**

United States Court of Appeals,
Second Circuit.

March 22, 2006.

Xuefang Wu, for Petitioner, pro se.

Alice H. Martin, United States Attorney for the Northern District of Alabama; Jenny L. Smith, Assistant United States Attorney, Birmingham, Alabama, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JAMES L. OAKES, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xuefang Wu, *pro se,* petitions for review of the June 2004 order affirming an immigration judge's ("IJ") decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d. Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

■ The IJ correctly determined that Wu's experiences in the PRC did not constitute past persecution. Wu did not offer evidence, either in her testimony or documentation, that she suffered any harm. She was never arrested, and the fact that the police may have come to her home to question her about her parents' whereabouts, and threaten to take her to the police station if she refused to cooperate, is not sufficient to allege a persecutory act. *See Ai Feng Yuan v. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (citing *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) ("persecution is an extreme concept that does not include every sort of treatment our society regards as offensive")).

■ In addition, substantial evidence supports the IJ's determination that Wu did not establish a well-founded fear of persecution. The IJ accurately observed that the Chinese officials had "ample opportunity" to arrest Wu, but never did. While Wu indicated in her written application and at the hearing that the police had come to her home several times after her parents went into hiding, at no point was she ever "taken away by the authorities." The IJ also accurately noted that although the police threatened to take Wu to the police station if she did not cooperate, she was able to stay at her aunt's house for three months without incident before departing to the United States. Further, the IJ properly found that her parents' continued residence in the PRC, when it was their activities that triggered scrutiny by the Chinese officials, undermined Wu's fear of persecution in her native country. *See In Re A–E–M,* 21 I & N Dec. 1157, 1159–60 (BIA 1998). Accordingly, we will not disturb the IJ's finding that Wu has failed to establish the objective likelihood of persecution needed for either asylum or withholding of removal.

The record additionally supports the IJ's finding that Wu did not meet the burden of proof for withholding of removal under the CAT, because this claim shared the same factual premise as her application for asylum and withholding of removal under 8 U.S.C. § 1231(b)(3).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

**72**

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).